UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEE ANN NGIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, AND DAVID WEHNER,<br><br>                  Defendants. | 1:21-cv-05976-MKB-RER<br><br>CLASS ACTION |

## JOINT STIPULATION AND [PROPOSED] ORDER

**WHEREAS**, on October 27, 2021, Plaintiff Wee Ann Ngian ("Plaintiff") filed a putative class-action complaint the ("Complaint") asserting claims pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Defendants Facebook, Inc. (now known as Meta Platforms, Inc.), Mark Zuckerberg, and David Wehner (collectively, "Defendants"); and

**WHEREAS**, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, provides (i) that plaintiffs bringing class action claims under the Exchange Act must publish a notice advising members of the putative class of the pendency of the action and (ii) that any member of the putative class may move the Court to serve as lead plaintiff of the putative class within 60 days after the notice is published, and further provides a procedure for the appointment by the Court of lead plaintiff(s) and lead counsel to represent the putative class; and

**WHEREAS**, Plaintiff published a notice advising members of the putative class of the pendency of the action on October 27, 2021; and

**WHEREAS**, by December 27, 2021, *i.e.*, not later than sixty days after Plaintiff provided public notice of the filing of the Complaint, Plaintiff or other members of the putative class may move this Court to serve as lead plaintiff; and

**WHEREAS**, the PSLRA provides for an automatic stay of discovery in this action during the pendency of any motion to dismiss, 15 U.S.C. § 78u-4(b)(3)(B); and

**WHEREAS**, counsel for Plaintiff and counsel for Defendants believe that an answer or motion responding to the Complaint would be premature prior to the entry of an Order by the Court pursuant to the PSLRA appointing one or more lead plaintiffs and lead counsel (the "Order").

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for Plaintiff and Defendants as follows:

1. The undersigned counsel for Defendants are authorized to and hereby accept service of the summons and the Complaint in this action on behalf of all Defendants, provided, however, that acceptance of service and entry into this stipulation shall not waive or prejudice any, and Defendants expressly preserve all, rights, claims, and defenses, including, but not limited to, all defenses relating to jurisdiction and venue, except a defense as to the sufficiency of service of the summons and Complaint and the form of the summons.

2. Defendants shall have no obligation to answer or otherwise respond to, and each hereby is expressly relieved from answering or otherwise responding to, the Complaint, subject to the provisions of paragraph 3 below.

3. Promptly after entry of the Order in this action (or in any consolidated action encompassing this action), counsel for Defendants and court-appointed lead counsel shall

meet and confer regarding a schedule for the filing of an operative complaint and any answer, motion to dismiss or other response thereto. Within fourteen (14) days after entry of the Order, the court-appointed lead plaintiff(s) and Defendants shall jointly submit a proposed schedule to the Court.

4.     Subject to the Court's approval, the scheduling of an initial pretrial conference pursuant to Fed. R. Civ. P. 16(b), the parties' obligations to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a), and the parties' obligations to confer regarding case management and the development of a discovery plan and to submit a written report to the Court pursuant to Fed. R. Civ. P. 26(f), shall be stayed pending the resolution of any motions to dismiss the amended and/or consolidated complaint (or the designated operative complaint) contemplated by paragraph 3 above.

5.     There have been no requests for an extension of time previously made in this matter.

6.     Nothing in this stipulation shall prevent any party from moving to transfer and/or to coordinate and/or consolidate this action with any related case, nor shall anything herein prevent any party from seeking additional time from the other parties and/or the Court with respect to any of the deadlines set forth above.

| | |
|---|---|
| Dated: New York, New York<br>November 29, 2021 | Respectfully submitted, |

| | |
|---|---|
| **THE ROSEN LAW FIRM, P.A.** | **DAVIS POLK & WARDWELL LLP** |
| /s/ Phillip Kim | /s/ Charles S. Duggan |
| Phillip Kim<br>Laurence M. Rosen<br>275 Madison Avenue<br>New York, NY 10016<br>Telephone: 212-686-1060<br>Facsimile: 212-202-3827<br>pkim@rosenlegal.com<br>lrosen@rosenlegal.com | Charles S. Duggan<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800<br>charles.duggan@davispolk.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**SO ORDERED**

Dated: _____, 2021          _____
                                          MARGO K. BRODIE
                                          UNITED STATES DISTRICT JUDGE

4